## SACERDOTTE vs. MATOSSY.

APPEAL from the court of the first district.

No person has such an interest in the renewal of a license to keep a gambling house as may be the object of a contract.

PORTER, J. delivered the opinion of the court. The petitioner states he purchased from the defendant the unexpired time of a license, which he had to keep a gambling house, and also his right of preference to have the license renewed.

That by the terms of the contract the defendant was to have the benefit of the license up to the period it expired, but that on that day, instead of permitting the petitioner to get it renewed in his name, the defendant, in violation of their contract, obtained the license in his own, by reason of which the plaintiff has

been put to much expense and sustained great loss.

The answer denied the petition set forth any cause of action, and in case it did, it put at issue all the allegations contained in it.

The judge refused to hear any evidence in support of the petition, and directed it to be dismissed with costs. The plaintiff appealed.

We think the judge did not err. The legislature of this state has thought proper to tax, for charitable purposes, establishments of this kind, and whatever difference of opinion may exist as to the policy of such a law, it is the duty of the courts to give it effect, and enforce its provisions, as they would any other. By the 9th section of the act authorising the licensing houses of the description spoken of, it is provided, " that the licenses contemplated by this act shall be given by the treasurer of the state, and shall be for the term of one year, from the time of granting the same." No person has an interest in the renewal of these licenses, which can form the subject matter of a contract; no more than any other officer of the state would have to sell his right, to be re-appointed to an office which, by law, had a limited duration. The act, by fixing one year as

SACERDOTTE
*vs.*
MATOSSY.

the duration of these licenses, contemplated not only the collection of an annual revenue, but the exercise of a salutary check on persons, whose occupation is liable to be so much abused. No man then, can have a *right* to obtain a license, unless we should imagine a *right* founded on the treasurer of the state violating his duty, by making engagements to prevent the exercise of that discretion, which the law, for wise purposes, has conferred on him. In point of fact, we do not believe that officer made any such bargain, and if he did, the plaintiff's case would not be mended by it. *Ex turpi causa non oritur actio.*

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Seghers* for the plaintiff, *Canonge* for the defendant.